**DE BUSK et al. v. GUFFEE et al.**

No. 1938.

Court of Civil Appeals of Texas. Eastland.

Oct. 13, 1939.

Rehearing Denied Nov. 3, 1939.

Henry L. DeBusk, of Kilgore, for appellants.

Scarborough & Ely, of Abilene, for appellees.

GRISSOM, Justice.

Winnie Guffee DeBusk, joined pro forma by her husband, Henry L. DeBusk, filed this suit against Guy Guffee, Guy Guffee, Trustee for Guy Keel Guffee, a minor, Guy Keel Guffee, a minor, Grady Guffee, Roy Guffee, Ira L. Guffee, Edna Earl Guffee Winters and husband, Thomas Winters, Lee Estes and Fred Estes, and Walker Smith Company, a corporation. The suit was one in trespass to try title. Mrs. DeBusk asserted title to certain real estate in the city of Abilene, Texas, which had formerly been the homestead of her father and mother, Mr. and Mrs. E. Guffee, both deceased, by virtue (1) of a deed from E. Guffee to Mrs. DeBusk, and (2) by virtue of a parol gift to her from E. Guffee.

A cancellation of purported liens against the property in controversy was sought against Lee and Fred Estes and Walker Smith Company, who, it was alleged, held judgments against some of the defendants. All allegations applicable to the said Lee and Fred Estes and Walker Smith Company were abandoned in the petition upon which plaintiffs went to trial. Therefore, they will not be further noticed.

On appeal, plaintiffs concede that they have not established their right to recover on the allegations of a parol gift. Hence, plaintiffs' right to recover is solely dependent upon establishing the fact of delivery and acceptance of the deed to said property by E. Guffee to Mrs. De-Busk.

Mrs. DeBusk and the defendants (other than the Estes, Walker Smith Company, Guy Keel Guffee and Edna Earl Winters and husband) were the surviving children of E. Guffee and wife, deceased. Earl Guffee, deceased, was a son of Mr. and Mrs. E. Guffee, deceased, and Earl was the father of Edna Earl Guffee Winters, and the grandfather of Guy Keel Guffee.

The facts and the questions of law involved are sufficiently shown by the findings of fact and conclusions of law filed by the trial court as follows:

"1. The Court finds that E. Guffee and Mary E. Guffee were married about the year 1880.

"2. The court finds that as a result of said marriage there were born to said wedlock the following and only the following children: Ira Guffee, Roy Guffey, Guy Guffee, Earl Guffee, Winnie Guffee, who married Henry L. DeBusk, and Grady Guffee. That E. Guffee was never married but one time and then to Mary E. Guffee, and Mary E. Guffee was never married but one time and then to E. Guffee. That all of said children are living except Earl Guffee, and that he is dead and he left two children, to-wit, Edna Earl Guffee, who married Tommy Winters, and Guy Keele Guffee, who is dead and left a son, Guy Keele Guffee, and that said parties constitute the sole and only heirs at law of E. Guffee, deceased.

"3. The Court finds that the property in question was acquired during the marriage of E. Guffee and Mary E. Guffee, and used by them as their home until the death of Mary E. Guffee, or July 3, 1934, and although the deed was made to E. Guffee, which deed has been offered in evidence, to which deed reference is here made, E. Guffee held the legal title for the benefit of himself and the community estate of himself and Mary E. Guffee, deceased.

"4. The Court finds that Mary E. Guffee died intestate on July 3, 1934, prior to the death of E. Guffee.

"5. The Court finds that E. Guffee executed a deed to the property involved in this suit to Ira Guffee, Guy Guffee, and Mrs. Winnie Guffee DeBusk. This deed was made in March, 1935, and reference is made thereto in the statement of facts.

"6. The Court finds that after the deed was made by E. Guffee to Ira Guffee, Guy Guffee, and Winnie Guffee DeBusk, that he then asked the three children to reconvey the property to him, and requested them to do so, to which they agreed.

"7. The Court finds that in October of 1936, that a deed was written, as set out in the plaintiffs' petition and signed by E. Guffee and acknowledged, but the Court finds that said deed was never delivered,

and that the said E. Guffee at all times retained control over said deed until it was destroyed by him.

"8. The Court finds that in November of 1936, after the signing of the deed in October, that Ira Guffee, Guy Guffee and Winnie Guffee DeBusk, joined by her husband, Henry L. DeBusk, by general warranty deed reconveyed the property in this controversy to E. Guffee, and that all the title, insofar as the parties to the deed were concerned [was] conveyed and intended to be conveyed to E. Guffee.

"9. The Court further finds that prior to E. Guffee's death that the deed he wrote and signed in October of 1936, above referred to was destroyed by E. Guffee and that it was never his intention for the title to said property to vest in Mrs. Winnie Guffee DeBusk.

"Conclusions of Law

"1. The court concludes as a matter of law that by reason of the fact that the deed from E. Guffee to Mrs. Winnie Guffee DeBusk was never delivered and accepted as a conveyance that the title never passed out of E. Guffee until the date of his death, and that it is subject to be divided equally between the heirs, one sixth to each of the five living children, Ira, Guy, Roy, Grady Guffee, and one-sixth to Mrs. Winnie Guffee DeBusk, and one-twelfth to Mrs. Edna Earl Winters and one-twelfth to Guy Keele Guffee.

"2. The Court further concludes as a matter of law there was no delivery of the deed from E. Guffee to Mrs. Winnie Guffee DeBusk, and the Court further concludes as a matter of law that whatever title and interest that Mrs. DeBusk had to his property passed to E. Guffee unconditionally in the warranty deed signed by her and her two brothers, Ira Guffee and Guy Guffee, and that she thereafter had no right, claim, nor title to said property, except as an 'heir and legatee."

■ After careful consideration of the briefs and statement of facts, we are of the opinion that the findings of fact are supported by the evidence and that said conclusions of law are correct. The court's findings of fact and conclusions of law are adopted by this court.

■ Appellants contend that, in any event, Mrs. DeBusk was entitled to a judgment establishing her interest as a legatee or devisee under the will of E. Guffee, deceased, or as an heir. It is apparent from the facts found that Mrs. DeBusk, in the absence of a will, as an heir, would have been entitled to one-sixth interest in the property in controversy. It is further apparent that under the will of E. Guffee (in connection with her deed, in which her brothers joined, conveying a one-twelfth interest in the estate to Mrs. Edna Earl Winters and one-twelfth to Guy Keel Guffee) that her interest in the property in controversy is a one-sixth interest and the trial court so concluded. Mrs. DeBusk's ownership of the property in controversy in said capacities was not asserted in the suit and could not have been properly awarded to her under the pleadings. We do not understand that by the judgment she has been deprived of her apparent one-sixth interest as a devisee under the will of her father.

We are convinced that the evidence raises a question of fact as to whether or not the deed from E. Guffee to Mrs. DeBusk, signed and acknowledged by E. Guffee in October, 1936, was ever delivered to and accepted by Mrs. DeBusk as a conveyance of the property. The court, in a trial to the court, a jury having been waived, has determined this question of fact adversely to the appellants. We are of the opinion that the evidence supports said finding of fact.

The judgment of the trial court is affirmed.